**MANDATE FILED**

2005 SEP 28 PM 2:27
CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

EDNY (bkny)
02cv4492
Weinstein

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 10th day of June, two thousand and five.

PRESENT:

    Hon. John M. Walker, Jr.,
        <u>Chief Judge</u>,
    Hon. Wilfred Feinberg,
    Hon. Reena Raggi,
        <u>Circuit Judges</u>.

------------------------------------X

RICHARD TAUS,

        <u>Petitioner-Appellant</u>,

    - v. -

                                                   No. 04-0405-pr

DANIEL SENKOWSKI, Superintendent of
Clinton Correctional Facility,

        <u>Respondent-Appellee</u>.

------------------------------------X

APPEARING FOR PETITIONER:    MARJORIE M. SMITH, Piermont, NY.

(Stamp: UNITED STATES COURT OF APPEALS FILED JUN 10 2005 Roseann B. MacKechnie, CLERK SECOND CIRCUIT)

Issued as Mandate: SEP 22 2005

APPEARING FOR RESPONDENT:   KAREN WIGLE WEISS, Assistant District Attorney (Denis Dillon, Nassau County District Attorney, Tammy J. Smiley, Assistant District Attorney, on the brief), Mineola, NY.

Appeal from the United States District Court for the Eastern District of New York (Jack B. Weinstein, Judge).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the judgment of the district court is **AFFIRMED**.

In 1990, Taus was convicted by a jury in New York state court of numerous crimes relating to his sexual abuse of young boys. See Taus v. Senkowski, 293 F. Supp. 2d 238, 241-42 (E.D.N.Y. 2003). His direct appeals in the New York courts were unsuccessful, and he petitioned the United States District Court for the Eastern District of New York (Jack B. Weinstein, Judge) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court denied the writ but granted a certificate of appealability as to Taus's contention that he was denied his constitutional right to a fair trial because of juror misconduct. See id. at 250-52. This court has jurisdiction pursuant to 28 U.S.C. § 1291. We assume familiarity with the facts and the proceedings below.

Taus's juror-misconduct argument comprises three separate possible grounds for relief. First, he argues that during the trial a juror, Nancy Dillon, met with a detective who worked on the case but did not disclose the meeting to the court. Second, Taus asserts that some jurors read newspaper articles about the trial. Third, he argues that Dillon was related to the Nassau County District Attorney (Denis Dillon, whose office prosecuted the case) and concealed that relationship from the court.

Taus raised these arguments (among others not before us) in state court in a post-trial motion to set aside the verdict pursuant to N.Y. Crim. Proc. L. § 330.30; he supported them with an affidavit from juror Caroline Lewis. In response, the prosecuting attorney submitted an affidavit attesting that he had spoken with Denis Dillon, the Nassau County District Attorney, who had denied being related to juror Nancy Dillon. The trial court denied the motion without a hearing and the Appellate Division affirmed, holding that juror Lewis's affidavit was insufficient as a matter of state law to have required further inquiry by the trial court. People v. Taus, 719 N.Y.S.2d 897, 897 (App. Div. 2001).

The district court held that the Appellate Division's ruling rested on a state procedural bar that was an independent and adequate state ground foreclosing habeas relief and that Taus could not overcome the procedural bar. Taus, 293 F. Supp. 2d at 250; see also Coleman v. Thompson, 501 U.S. 722, 750 (1991) (explaining what a petitioner must show to overcome a state procedural bar). As to Taus's argument based on Dillon's encounter with a detective, we agree.

Under New York law, a motion to set aside the verdict based on juror misconduct must include "sworn allegations . . . of the occurrence or existence of all facts essential to support the motion." N.Y. Crim. Proc. L. § 330.40(2)(a). The affidavit alleged only that Dillon ran into Detective Doppman "at a karate class . . . and reminded him that she was a juror in the case . . . ." Even if true, such allegations — of a chance meeting and no improper conversation between the parties — are insufficient to support a juror-misconduct claim and are therefore inadequate as a matter of New York law, as the Appellate Division held. People v. Taus, 719 N.Y.S.2d at 897.

It is less clear whether the district court correctly found the state procedural bar to be an adequate ground for rejecting Taus's allegations that the jury was exposed to newspaper articles about the trial and that juror Dillon may have been related to the District Attorney. Without deciding the matter, and without deciding how much deference the state court's factfinding merits under 28 U.S.C. § 2254, we hold that neither of these two arguments entitles Taus to habeas relief.

Taus's argument that he merits relief because the jury was exposed to extraneous evidence (newspaper articles) during the trial is subject to harmless-error review. See Bibbins v. Dalsheim, 21 F.3d 13, 16 (2d Cir. 1994). Whether we apply the stringent harmless-error test of Chapman v. California, 386 U.S. 18, 24 (1967), or the more petitioner-friendly standard set forth in Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993), we find that any error arising from the jury's exposure to newspaper articles was plainly harmless. See Santana-Madera v. United States, 260 F.3d 133, 140 (2d Cir. 2001) (explaining that in the Second Circuit, the question is open which harmless-error standard to apply where the state court has not conducted harmless-error review). The evidence against Taus was overwhelming, and included both his own confessions and obscene photographs, found in Taus's home, of the boys he molested. Taus, 293 F. Supp. 2d at 242. We are convinced beyond a reasonable doubt that the jury's verdict was not swayed by exposure to the newspaper articles.

We are also convinced that the state court did not err in declining to hold a hearing to inquire further into the possibility that juror Nancy Dillon was related to District Attorney Denis Dillon. A court need not inquire into juror-misconduct allegations unless the defendant provides "reasonable grounds" for an inquiry; the defendant may not request a hearing to conduct a "fishing expedition." United States v. Moten, 582 F.2d 654, 667 (2d Cir. 1978). Juror Lewis asserted that Nancy Dillon had claimed to be related to Denis Dillon, but neither Nancy Dillon nor any other juror repeated this claim to the state court. In response to Lewis's affidavit, the state presented an affidavit from the prosecuting assistant district attorney, an officer of the court serving under District Attorney Denis Dillon, affirming that Denis Dillon had denied being related to Nancy Dillon. Under the circumstances, the two affidavits taken together did not provide reasonable grounds for the state court to inquire further into whether Nancy Dillon was related to Denis Dillon.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:

Roseann B. MacKechnie, Clerk

By: *Lucille Carr*

Lucille Carr, Deputy Clerk

